# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COLBERT ALLEN RITTGERS,
                Appellant,

      v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBERS
DA-0752-11-0212-X-1
DA-0752-12-0595-X-1
DA-0752-11-0212-C-1
DA-0752-12-0595-C-1

DATE: September 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles C. Smith</u>, Esquire, Corpus Christi, Texas, for the appellant.

<u>Kenneth M. Muir</u>, Esquire, and <u>Alex Lopez</u>, Esquire, Corpus Christi, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

This compliance proceeding was initiated by the petitioner's February 9, 2015 petition for enforcement of the Board's August 14, 2013 order. *See Rittgers v. Department of the Army*, MSPB Docket Nos. DA-0752-11-0212-B-1, DA-0752-12-0595-I-1, Final Order (Aug. 14, 2013). On November 4, 2015, the Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

issued an Opinion and Order finding the agency did not fully comply with the Board's August 14, 2013 order, which required the agency to cancel the appellant's two indefinite suspensions and pay him the correct amount of back pay, interest on back pay, and other benefits.[2]  *Rittgers v. Department of the Army*, 123 M.S.P.R. 31 (2015); MSPB Docket Nos. DA-0752-11-0212-X-1, DA-0752-12-0595-X-1, Compliance Referral File (CRF), Tab 4 at 6-9.  After fully considering the filings in this appeal, and based on the following points and authorities, we now find the agency in compliance with the Board's August 14, 2013 order.  Accordingly, we hereby DISMISS the appellant's petition for enforcement, based on our finding that the agency is in compliance.  5 C.F.R. § 1201.114(e), (g).

¶2      In the Board's November 4, 2015 Opinion and Order, the Board found the agency not in compliance because the agency failed to deduct the appropriate Thrift Savings Plan (TSP) contributions from the appellant's back pay and remit the make-up contributions to the Federal Retirement Thrift Investment Board (FRTIB), and failed to calculate the appellant's overtime back pay according to his overtime history.  *Rittgers*, 123 M.S.P.R. 31, ¶¶ 11, 13-16.  As a result, the Board ordered the agency to submit satisfactory evidence of compliance within 60 days of the date of the order and provided the appellant with 20 days to respond to the agency's submission.  *Id*., ¶¶ 18-20.

¶3      On December 15, 2015, the agency filed its Second Compliance Statement with the Board, CRF, Tab 5, in which it asserted that it recalculated the appellant's overtime back pay and worked with the FRTIB to ensure that his make-up contributions for his TSP were correct.  *Id.*  The agency further stated that, pursuant to its calculations, it initiated the TSP payment to the appellant in its payment system on November 23, 2015, and its back pay payment would be

---

[2] For purposes of finality, the findings and analysis set forth within the Board's November 4, 2015 Opinion and Order are hereby incorporated into this Final Order.

entered into the payment system for the pay period ending on December 26, 2015. *Id*. at 6, 8. The appellant did not file a response to the Second Compliance Statement. CRF, Tab 7.

¶4 Due to the lack of a response from the appellant, on March 2, 2016, the Board issued an order inquiring as to whether he intended to file a response. *Id.* On March 3, 2016, the agency filed a Third Compliance Statement. CRF, Tab 9. In this statement, the agency provided evidence showing that it made the back-pay payment to the appellant on February 29, 2016, and made the TSP payment on March 2, 2016.[3] *Id.* at 50, 258-59. The appellant did not response to either the Board's order or the agency's Third Compliance Statement.

¶5 Accordingly, because the agency provided evidence that it made the required back pay and TSP payments, and because the appellant did not provide any response to the agency's statements, despite being ordered to do so at least once, we find that the agency is now in full compliance with the Board's August 14, 2013 order. Therefore, the Board finds that the agency is in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, sections 1201.183(c), 1201.113(c) (5 C.F.R. § 1201.183(c); 5 C.F.R. § 1201.113(c)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

---

[3] The Third Compliance Statement showed that the payments were made later than initially expected due to administrative issues arising in connection with the payments. CRF, Tab 9 at 5-7.

you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:         _____

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.